## ALLEY *vs.* HOLCOMB.

An exemption set apart in bankruptcy to one who became a bankrupt in 1873, is not subject to be levied on and sold by virtue of an execution issuing upon a judgment rendered on an action of trespass *quare clausum fregit*, in 1869, against the bankrupt, who had been finally discharged from the debt in bankruptcy previously to such levy. 71 *Ga.*, 271.

(a.) It is immaterial whether the cause of action originated before the passage of the homestead act of 1868, and the bankrupt act, or not. It was not a debt, but a right of action, prior to the judgment. 2 Bl. Com., 436, 437; 39 *Ga.*, 451.

Judgment affirmed.

March 4, 1884.

HALL, Justice.

[A *fi. fa.* in favor of W. C. Alley against Green B. Holcomb *et al.* was levied on certain land as the property of Holcomb. He filed an affidavit of illegality, on the ground that he had been discharged in bankruptcy, and the land levied on was his exemption set apart in the bankrupt court. The case was submited to the court without a jury, on an agreed statement of facts, in brief, as follows: In

1869, plaintiff recovered the judgment under which the *fi. fa.* issued. The action was for trespass *quare clausum fregit*, based on the burning of a barn by defendant in 1864. In 1870, the defendant applied to the ordinary for the setting apart of a homestead, but his application failed. In 1873, he was adjudged a bankrupt, and was discharged in 1875. This land was set apart to him as an exemption. Plaintiff did not prove his debt in the bankrupt court.

The court held the land not subject, and sustained the illegality. Plaintiff excepted.]